**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**YOLLINNETTE Y. SANCHEZ AND
OTHERS SIMILARLY SITUATED,**

           **Plaintiffs,**

**-vs-**                                           **Case No. 6:06-cv-1811-Orl-28DAB**

**OCWEN LOAN SERVICING, LLC,**

           **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND PERMISSION TO SEND COURT SUPERVISED NOTICE ADVISING SIMILARLY SITUATED INDIVIDUALS OF THEIR OPT-IN RIGHTS PURSUANT TO 29 U.S.C. § 216(B) (Doc. No. 14)**
>
> **FILED:** January 12, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This action concerns an alleged violation of the Fair Labor Standards Act ("FLSA") for the alleged failure of Defendant Ocwen Loan Servicing, LLC, ("Ocwen") to pay its loan resolution consultants over-time wages. Plaintiff filed a Motion (Doc. 14) requesting that the Court conditionally certify a collective action and grant permission to send court supervised notice to similarly situated employees going back three years of their opt-in rights pursuant to 29 U.S.C. §

216(b).[1] Ocwen does not oppose class certification, but argues the class notice should be limited to the two-year period preceding the filing of the Complaint and the language should be revised.

## I. Background

Plaintiff Yollinnette Sanchez is a current employee of Ocwen. Plaintiff was employed as a loan resolution consultant in Orlando, Florida. She asserts that she worked over 40 hours per week for Ocwen and did not receive over-time compensation as required by the FLSA. Sanchez brings this action on behalf of other employees of Ocwen who are similarly situated.

## II. Legal Analysis

Title 29 U.S.C. 216(b) provides a right of action to recover unpaid minimum wages, unpaid overtime compensation, and for other relief if retaliation is at issue. The Act provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.§ 216(b).

In *Hipp v. Liberty National Life Insurance Company*, 252 F.3d 1208 (11th Cir. 2001), the Eleventh Circuit recommended that district courts utilize a two-stage process to certify a collective action under FLSA. The first step is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members. *Id*. at 1218. The standard applied in this first stage is a lenient one which "typically results in conditional certification" of the collective action. *Rodgers v. CVS Pharmacy, Inc.,* 2006 WL 752831, *2 (M.D. Fla. March 23, 2006).

---

[1] Defendant's Response to this Motion is filed at Doc. 21.

If the district court conditionally certifies the collective class, putative members are given notice and a chance to opt in. *Hipp* at 1218. The action proceeds as a representative action through discovery. A second determination is usually made after a motion for decertification is made by the Defendant. At the second stage, the district court must determine if the plaintiffs are "similarly situated." *Id*. at 1217. If so, the action proceeds to trial as a representative action. If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are dismissed, without prejudice. The case proceeds on the individual claims of the original plaintiffs. *Id*. at 1218.

At the notice stage, "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp*., 79 F.3d 1086, 1096 (11th Cir. 1996) (internal quotations and citations omitted). "[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of class-wide discrimination." *Id.* at 1097. "The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." *Id.* at 1097. Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation. *Guerra v. Big Johnson Concrete Pumping, Inc.,* 2006 U.S. Dist. LEXIS 58484, *10 (S.D. Fla. May 17, 2006).[2]

In this case, Sanchez has submitted her own affidavit and the affidavits of five additional employees of Ocwen. Doc. Nos. 14-2, 14-3, 14-4, 14-5, 14-7, 23. All affidavits are submitted by loan resolution consultants, who have worked in the Orlando, Florida office for more than 40 hours per week, and who are being denied the over-time pay to which they claim entitlement under the FLSA.

---

[2]*See also Tyler v. Payless Shoe Source, Inc.,* 2005 WL 3133763, *3 (M.D. Ala. Nov. 23, 2005) (three to five consents to join were sufficient to establish that others desired to opt in).

Plaintiff also states that there are three other loan resolution consultants (Leticia Viveros; Nancy Medina-Sorian and Patrick Clark) who were subject to similar pay provisions and, who if provided notice, may wish to join the suit. Doc. No. 14-2. At this stage, the Court must rely only on the pleadings and affidavits and should not make any factual determinations or take into account any alleged defenses. *Pendlebury v. Starbucks Coffee Co.,* 2005 WL 84500, *3 (S.D. Fla. Jan. 3, 2005). Furthermore, the inquiry under *Hipp* is much less stringent than the inquiry under Rule 23, which requires that common questions of law or fact dominate. Therefore, Plaintiff has submitted sufficient evidence to establish a reasonable basis to believe that there are similarly situated individuals who may be interested in joining the action, if given notice.

Ocwen contends that the notice should be limited to the two year period preceding the filing of the Complaint because an investigation conducted by the Department of Labor concluded in 2000 that the loan resolution consultants in Ocwen's Orlando facility were exempt from the overtime provisions of the FLSA. *See* Doc. No. 21-2 (August 31, 2001 letter from Department of Labor, Employment Standards Administration Wage and Hour Division). According to Ocwen, there have been no material changes made to the loan resolution consultant position since the Department of Labor's investigation in 2001. *See* Doc. No. 21-3 (Rotundo Aff.). Ocwen argues that alleged violation of the FLSA therefore could not be willful, and the two-year statute of limitations for non-willful violations of the FLSA would apply. Ocwen cites cases that hold in interpreting the relevant statute that an employer will not be found to have engaged in a willful violation where it has relied on a Wage and Hour investigator's written finding that a position is exempt. *See Zachary v. Rescare Oklahoma, Inc. and Rescare, Inc.*, __ F. Supp.2d __, 2006 WL 3762095 *4 (N.D. Okla. Dec. 20, 2006) (letter from Wage and Hour investigator advising employer that investigation was closed and

no violations were found defeated claim of willfulness); *see also Dalheim v. KDFW-TV*, 712 F. Supp. 533, 540 (N.D. Tex. 1989) (citing cases and holding that good faith defense established by reliance on Wage and Hour investigator findings).

However, the cases Ocwen cites, while on point on the issue of willfulness, were decided at the summary judgment stage or, following a bench trial, at an evidentiary hearing. The court in *Zachary* held the written statement issued after the DOL investigation was "significant evidence of lack of willfulness" but summary judgment on such evidence could have been defeated if plaintiffs had presented their own evidence of willfulness. *Id.* at \*5. It is premature at this juncture to truncate notice based solely on Ocwen's affidavit evidence of a 2001 DOL letter and the somewhat self-serving affidavit of one of its employees that the position "has not changed." Moreover, given the posture of the motion for collective action, Plaintiff has not had the opportunity to properly respond to Ocwen's arguments on willfulness. Ocwen may still raise the issue of willfulness on summary judgment, but it is improper to decide it at this juncture on the evidence provided.

Plaintiff has submitted a proposed notification and opt-in form (Doc. Nos. 17-2, 17-3) with its Motion. Ocwen does not oppose the format except for a provision of the proposed notice that advises employees if they believe that they have been retaliated against they may contact the Pantas Law Firm. Ocwen argues that such a provision borders on solicitation and this point is well-taken. Plaintiff's form is inadequate in other respects because it fails to fully inform potential plaintiffs of their rights *and* responsibilities should they decide to opt-in to the suit.

It is respectfully **RECOMMENDED** that Plaintiff's Motion for Collective Action be **GRANTED** and Ocwen be ordered to produce, within 30 days, the names and last known addresses

of all "loan resolution consultants" employed by Ocwen in Orlando[3] for the period beginning three years prior to the time suit was filed[4] and authorizing Plaintiff to send notice to each such employee. It is also **RECOMMENDED** that the format used in other Middle District Cases[5] be adopted in this case and modified as attached at the end of this Report and Recommendation. It is further **RECOMMENDED** that Plaintiff be required to file all Consents to Join with this Court within 60 days of any order adopting this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 21, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[3]At this point, Plaintiff seeks leave only to send notice to loan resolution consultant in Ocwen's Orlando office, but stated her intention to seek approval at a later date to send notice to all of Ocwen's locations. Doc. No. 14 at 4 n.2. The Court makes no recommendation as to the propriety of any such future motion.

[4]The three-year limitation is required by the applicable statute of limitations.

[5]*See Rivera v. Cemex*, Case No. 6:06cv687-Orl-31DAB.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NOTIFICATION TO POTENTIAL COLLECTIVE ACTION MEMBERS**

*This is a Court-Authorized Notice and is not a Solicitation from a Lawyer.*

**TO:** **ALL CURRENT AND FORMER LOAN RESOLUTION CONSULTANTS EMPLOYED BY OCWEN LOAN SERVICING, LLC, AT ITS ORLANDO, FLORIDA OFFICE, AND WHO WORKED MORE THAN 40 HOURS IN ANY WORKWEEK WITHIN THE LAST THREE (3) YEARS, AND WERE NOT PAID OVER-TIME PURSUANT TO THE FAIR LABOR STANDARDS ACT.**

**RE:** **RIGHT TO OPT-IN TO LAWSUIT FOR ALLEGED UNPAID OVERTIME COMPENSATION PURSUANT TO THE FAIR LABOR STANDARDS ACT.**

**Introduction**

The purpose of this Notice is to inform you of the existence of a collective action lawsuit brought pursuant to the Fair Labor Standards Act ("FLSA") in which you are potentially "similarly situated" to the Representative Plaintiff, to advise you of how your rights under the FLSA may be affected by the lawsuit, and to instruct you on the procedure for participating in this lawsuit should you choose to do so.

**Description of Lawsuit**

On or about November 28, 2006, YOLLINNETTE Y. SANCHEZ ("the Representative Plaintiff") filed a lawsuit for alleged non-payment of overtime wages against Defendant, OCWEN LOAN SERVICING, LLC, in the United States District Court for the Middle District of Florida, Orlando Division. The Representative Plaintiff's counsel in this case is K.E. PANTAS, Esq. of the Pantas Law Firm, P.A. OCWEN LOAN SERVICING, LLC, has asserted affirmative defenses and potential exemptions in the lawsuit, and has denied the Representative Plaintiff's claims.

**Composition of the Class**

The Representative Plaintiff is suing on behalf of herself and also on behalf of all other employees and former employees that are or were "similarly situated," due to employment as loan resolution consultants at Ocwen Loan Servicing, LLC's Orlando, Florida Office and who worked more than 40 hours/workweek within the last three years but were not paid over-time pay pursuant to the FLSA.

This Notice is only for the purpose of determining the identity of those persons who wish to be involved in this lawsuit, and has no other purpose. Your right to participate in this lawsuit may depend upon a later decision by the U.S. District Court that you and the Representative Plaintiff are, in fact, "similarly-situated" under federal law.

**Your Right to Participate in this Lawsuit**

If you fit the definition above, you may opt-in and join this lawsuit by forwarding one copy of the enclosed "Consent to Become Party Plaintiff" form to the Representative Plaintiff's counsel: **K.E. Pantas, c/o Pantas Law Firm , P.A., 250 North Orange Ave., 11th Floor, Orlando, Florida 32801, (407) 425-2778**

**(FACSIMILE), clerk@pantaslaw.com**. Upon receipt, the Pantas Law Firm, P.A. will file this form with the U.S. District Court on your behalf. If you do not wish to join this lawsuit, you do not need to do anything.

**Deadline to Join Lawsuit**

If you fail to return the Consent form to the Pantas Law Firm, P.A. by _____, you will not be able to participate in this lawsuit.

| **EFFECT OF JOINING LAWSUIT** | |
|---|---|
| **Do Nothing** | **Do Nothing.**<br><br>By doing nothing, you retain your legal rights to bring a separate lawsuit against OCWEN LOAN SERVICING, LLC (within the applicable statute of limitations period) for allegedly unpaid overtime compensation. If money or benefits are later awarded in this case, you will **NOT** share in them. |
| **Ask to be Included** | **Complete Opt-in Consent Form.**<br><br>By "opting in," you gain the possibility of receiving money or benefits that may result from a trial or settlement, but you give up your right to separately sue OCWEN LOAN SERVICING, LLC for the same legal claims brought in this lawsuit. You will be bound by the judgment, whether it is favorable or unfavorable.<br><br>If you choose to join this lawsuit, the Representative Plaintiff's counsel, K.E. PANTAS, ESQ. of the PANTAS LAW FIRM, P.A., will represent you. The attorney for the class is being paid on a contingency fee basis, which means if there is no recovery, there will be no attorneys' fees chargeable to you. If there is a recovery or settlement, Plaintiffs counsel will receive, as compensation, either a percentage of the total recovery or reasonable attorneys' fees paid by OCWEN LOAN SERVICING, LLC, in an amount to be determined by the Court. If you do opt-in and are unsuccessful on the merits of your claim, you may be responsible for OCWEN LOAN SERVICING, LLC 's costs in this matter.<br><br>By joining this lawsuit, you designate the Representative Plaintiff as your agent to make decisions on your behalf concerning this litigation, the method and manner of conducting this litigation, the entering into of an agreement with Representative Plaintiff's counsel regarding attorneys' fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the Representative Plaintiff will be binding on you if you join this lawsuit. |

•   The U.S. District Court has permitted the Representative Plaintiff to send Notice to all defined current and former employees of OCWEN LOAN SERVICING, LLC's Orlando Office at any time in the last three years so that they may be permitted to "opt-in" to, or join, this lawsuit to assert their similar legal rights.

•   The Court has not yet decided whether OCWEN LOAN SERVICING, LLC has done anything wrong or whether this case will proceed to trial. There is no money available now and no guarantees that there ever will be.

• Federal law prohibits OCWEN LOAN SERVICING, LLC from discharging, discriminating, or retaliating against you in any way for taking part in this lawsuit.

Further information about the lawsuit or this Notice may be obtained by writing counsel for the Representative Plaintiff at the address listed above or by calling **407-425-5775 (in Orlando) or 1-800-492-4352 (toll-free)**.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**YOLLINNETTE Y. SANCHEZ AND**
**OTHERS SIMILARLY SITUATED,**

        **Plaintiffs,**

-vs-                                                         Case No.  6:06-cv-1811-Orl-28DAB

**OCWEN LOAN SERVICING, LLC,**

        **Defendant.**

**CONSENT TO JOIN**

**TO:   CLERK OF COURT AND COUNSEL FOR EACH PARTY**

TO:   THE CLERK OF COURT AND TO EACH PARTY AND COUNSEL OF RECORD

      By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above-representative Plaintiff and designate the representative Plaintiff as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

Signature:_____
Printed Name:_____
Street Address:_____
City, State, Zip:_____
Telephone No.:_____

PLEASE RETURN THIS FORM IN TIME FOR FILING WITH THE COURT WITH BY:_____, to:

      **K.E. PANTAS, ESQ.**
      **PANTAS LAW FIRM, P.A.**
      **205 NORTH ORANGE AVENUE**
      **ELEVENTH FLOOR**
      **ORLANDO, FLORIDA 32801**
      **(407) 425-5775 (VOICE)**
      **(407) 425-2778 (FACSIMILE)**
      **clerk@pantaslaw.com**