**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**YOLLINNETTE Y. SANCHEZ AND
OTHERS SIMILARLY SITUATED,**

        **Plaintiffs,**

**-vs-**                                **Case No. 6:06-cv-1811-Orl-28DAB**

**OCWEN LOAN SERVICING, LLC, BILL
ERBY, RON FERRIS,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SANCTIONS UNDER RULE 11 AND 28 U.S.C. § 1927 AGAINST UNTIMELY OPT-IN PLAINTIFFS AND PLAINTIFFS' ATTORNEY (Doc. No. 238)**
>
> **FILED:**    May 13, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant Ocwen Loan Servicing, LLC ("Ocwen") moves for summary judgment on the claims of ten opt-in Plaintiffs whose employment term ended more than two years before they filed their claims in this Fair Labor Standards Act collective action litigation. Doc. No. 238. Ocwen also seeks sanctions against these opt-in Plaintiffs and Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. 1927, arguing these ten opt-in claims are obviously untimely, frivolous,

and vexatiously lengthened the litigation.  Doc. No. 238.  For the reasons that follow, the Court finds the claims are not untimely as a matter of law and recommends the denial of the Motion for Summary Judgment and Sanctions.

**I. Procedural History**

Plaintiff Yollinnette Sanchez ("Sanchez") filed her Fair Labor Standards Act case on behalf of herself and others similarly situated, on November 28, 2006. Doc. No. 1.  Sanchez alleged that Ocwen misclassified its Loan Resolution Consultants ("LRC") as exempt and that, as a result of such misclassification, Sanchez and other similarly situated LRC's were not paid the appropriate overtime rate for hours worked in excess of 40 per workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").  Doc. No. 1.

Fifty-eight individuals[1] subsequently filed written consents to join this action as opt-in Plaintiffs.  Of these fifty-eight, Ocwen challenges the timeliness of the claims of three opt-in Plaintiffs (for purposes of this Motion, referred to as "the Challenged Plaintiffs").  The Challenged Plaintiffs[2] were added as opt-in Plaintiffs on May 25, 2007.  Doc. No. 102.  According to Ocwen, it served a Rule 11 letter on Plaintiffs' counsel, with a draft of the motion for summary judgment and sanctions, on March 21, 2008.  Doc. No. 238.  Included with the letter was the January 7, 2007 affidavit of Kristie Belford[3] "attesting to the exercise of discretion and independent judgment required by the duties of her position as an LRC, both before the modification of the position in 2005, and thereafter."

---

[1] Three other opt-in Plaintiffs voluntarily dismissed their claims before May 13, 2008, the time the Motion was filed. Doc. No. 184, 237.

[2] The Challenged Plaintiffs with their termination dates in parentheses are:  Shelton Bridgen (5/9/05); Craig Clossen (10/8/04); Michael Rohrbacher (5/19/04). The claims of other Plaintiffs initially listed in the motion have since been dismissed as the Motion as to their claims is moot. The claims of Christopher Hinz (6/10/04), Derek Dallas (2/24/04), and Maria Saavidis (12/13/04) were dismissed on June 19, 2008. Doc. No. 248. The claims of Susan Lewis (5/5/05), Richard Nanan (11/18/04), and Marcus Robinson (2/28/04) were dismissed on June 26, 2008. Doc. No. 256. The claim of Aron Apanah (1/19/05) was dismissed on July 30, 3008. Doc. No. 263.

[3] Kristie Belford opted into this action on May 15, 2007.

Doc. No. 238-2. The Challenged Plaintiffs did not dismiss their claims and Ocwen filed its Motion for Summary Judgment on May 13, 2008. Doc. No. 238.

## II. Background Facts[4]

Ocwen employs LRC's to resolve delinquent, non-performing and at risk mortgages. Wilcox Aff., Doc. No. 238-2 ¶ 2. In 2000, the U.S. Department of Labor ("DOL") conducted an investigation at Ocwen's Orlando facility for compliance with the Fair Labor Standards Act. Doc. No. 238-2 ¶ 3. The DOL's investigation included a review of the LRC position, which Ocwen classified as an "exempt" bona fide administrative employee. Doc. No. 238-2. As Ocwen concedes, the DOL found some violations related to other positions at Ocwen, but concluded that the LRCs met the criteria for the administrative exemption under 29 CFR Part 541. Doc. No. 238-2 ¶ 3. In a letter dated August 31, 2001, the DOL stated that the investigative period covered April 20, 1998 to April 20, 2000 and found in pertinent part, that Loan Resolution Consultant positions met the criteria for exemption under Part 541.1 and 541.2. Doc. No. 238-2 at 9. Ocwen contends that it relied on the DOL's conclusion in its continued classification of the LRC position as exempt. Doc. No. 238-2 ¶ 4. In December 2001, Ocwen prevailed in a jury trial defending an FLSA action involving the exempt status of a certain Ocwen position in *Jennes v. Ocwen Federal Bank*, Case. No. 9:99-cv-08681-KLR (S.D. Fla. 2001).

According to Ocwen, its counsel advised Plaintiffs' counsel of the DOL's written findings and provided a copy of the letter from the DOL confirming its finding that the LRC position was exempt from the overtime provisions of the FLSA on January 31, 2007, as part of its Opposition to Plaintiffs' Motion for Conditional Certification of Collective Action. Doc. No. 238 ¶ 9 (citing Doc. No. 21).

## III. Standard of Review

---

[4] The facts are either undisputed or viewed in the light most favorable to the Challenged Plaintiffs, as they must be on summary judgment. *See Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006).

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp*., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material

issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

**IV. Analysis**

Ocwen contends that the claims of the Challenged Plaintiffs, all of whom terminated employment in excess of two years before they filed their consents to join, are barred as a matter of law. The FLSA's statute of limitations provides that a claim for unpaid wages which is not commenced "within two years after the cause of action accrued . . . shall be forever barred . . . except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a); *see Alvarez Perez v. Sanford-Orlando Kennel Club, Inc*., 469 F.Supp.2d 1086, 1092-93 (M.D. Fla. 2006). The Challenged Plaintiffs have alleged that Ocwen acted willfully, thus, their claims are timely filed as within the three years of their termination from Ocwen's employment.

An employer's violation of the FLSA is willful if it "either knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id*. at 1093 (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . . under the standard we set forth. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, its action . . . should not be" considered willful. *McLaughlin*, 486 U.S. at 135 n.13. However, a defendant cannot evade the requirements of the FLSA either by choosing to remain ignorant of legal requirements or by learning of those requirements and disobeying them. *See Dole v. Elliott Travel & Tours*, 942 F.2d 962, 966-67 (6th Cir. 1991). An employer need not knowingly have violated the FLSA; rather the three-year term can apply where an employer disregarded the possibility that it was violating the statute. *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 141 (2nd Cir. 1999).

*1. Reliance on DOL Letter*

Ocwen seeks a ruling that the August 2001 DOL letter ruling LRC's as exempt precludes as a matter of law the Challenged Plaintiffs' claims that Ocwen's violation of the FLSA was willful. Ocwen contends that throughout 2001 and afterwards, it continued to rely on the DOL's approval of Ocwen's classification of its LRC's as administratively exempt (Wilcox Aff. ¶ 5), and the duties and functions of the LRC position remained unchanged until the early fall of 2005, when certain "procedural changes" were implemented. Wilcox Aff. ¶ 5. Ocwen cites several cases for the proposition that the employer will not be found to have engaged in a willful violation where it has relied on a Wage and Hour investigator's written finding that a position is exempt. Doc. No. 238 at 6. The only potentially relevant cases involving investigations cited by Ocwen which were decided after 2004, *Burns v. Blackhawk Management Corp.*, 494 F. Supp.2d 427, 436-37 (S.D. Miss. 2007); *Zachary v. Rescare Oklahoma, Inc. and Rescare, Inc.,* 2006 WL 3762095, *4 (N.D. Okla. Dec. 20, 2006); *Reyes v. Texas EZPawn, LP,* 459 F.Supp.2d 546, 565-66 (S.D. Tex. 2006), are inapposite because they involved claims arising partially or *in toto* prior to the August 2004 regulatory change in the FLSA affecting exempt status employees.

As the Challenged Plaintiffs point out – and as Ocwen neglects to mention anywhere in its Motion – the Department of Labor regulations affecting exempt status were amended in August of 2004. *See Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees*, 69 FED. REG. 22122 (Apr. 23, 2004) (eff. date August 23, 2004).[5] Thus, reliance on the August 2001 DOL Letter, which itself was based on an investigation conducted in 2000, cannot as a matter of law, limit the recovery period of the Challenged Plaintiff's claims to the two-year non-willful period under the FLSA.

---

[5]Neither party has provided any analysis as to how the revised regulations may have affected Plaintiffs' classification.

Challenged Plaintiffs' two other arguments against summary judgment are also well-taken. Challenged Plaintiffs contend the Letter does not set forth the duties of the LCR position during the time the investigation by DOL was conducted; thus, it is unclear whether the investigator's conclusion that LCR position met the exemption requirements under "Part 541.1 and 541.2" would apply after the 2004 regulatory change. Even the Belford affidavit on which Ocwen relies states that the LRC position was changed in the vague time-period of "summer/fall of 2005" (*see* Doc. No. 238-2 ¶8), which is close to the time periods relating to Challenged Plaintiffs' claims from May 2005. The Court cannot find as a matter of law that the Ocwen is entitled to summary judgment on the basis of the pre-2004 DOL Letter given the factual issues relating to the 2004 changes in the regulations or the actual duties as they existed pre- and post-2005.

*2. Verdict in a prior case against Ocwen involving a "similar" position*

Ocwen also contends that Challenged Plaintiffs' recovery period is limited to two years based on a jury verdict in Ocwen's favor brought by Small Commercial Asset Managers, who (according to Ocwen) had duties "very similar" to those of the LRC position. In *Jennes v. Ocwen Federal Bank*, Case. No. 9:99-cv-08681-KLR (S.D. Fla. Dec. 6, 2001), the Small Commercial Asset Managers employed by Ocwen were responsible for resolving loans on commercial real estate "using the same basic process as used by the LRC's in resolving loans on residential real estate"; the jury found that the *Jennes* plaintiffs were exempt. Wilcox Aff. ¶ 6 & Doc. No. 238-2 at 12-15. Ocwen contends that its extrapolation and reliance on the verdict in that case to maintaining the LRC position as exempt limits Challenged Plaintiffs' recovery period to two years as a matter of law.

As set forth more fully above, the change in the regulations in 2004 would make the verdict inapposite under the post-2004 regulations. In addition, while the Small Commercial Asset Managers may have performed some similar functions as the LRC position, the only evidence the positions were

"very similar" is Ocwen's statement that "they were responsible for resolving loans on commercial real estate using the same basic process as used by the LRC's in resolving loans on residential real estate." Doc. No. 238-2 at 6. This representation that the positions use "the same basis process" falls far short of proof that the positions were "very similar" or that the jury verdict had any applicability to the LRC position. There remains a genuine issue of material fact as to Ocwen's "willfulness" in the failure to pay LRC's overtime, with the recovery period of three years.

Accordingly, it is respectfully **RECOMMENDED** that Defendant Ocwen's Motion for Summary Judgment (Doc. No. 238) be **DENIED**.

**V. Motion for Sanctions under Rule 11 and 28 U.S.C. § 1927**

Ocwen's Motion for Sanctions is derivative of its argument that Challenged Plaintiffs' claims were obviously untimely when filed. Because the Court finds that Ocwen's Motion for Summary Judgment should be **DENIED**, there is no basis for imposing sanctions against the Challenged Plaintiffs or their counsel under Rule 11 or 28 U.S.C. § 1927.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 7, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy