**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**YOLLINNETTE Y. SANCHEZ AND**
**OTHERS SIMILARLY SITUATED,**

                **Plaintiffs,**

**-vs-**                                          **Case No. 6:06-cv-1811-Orl-28DAB**

**OCWEN LOAN SERVICING, LLC, BILL**
**ERBY, RON FERRIS,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on October 14, 2008 with counsel for Plaintiff appearing in person and counsel for Defendant appearing by phone.

Based on Plaintiffs' representations in their Answers to Court Interrogatories, Plaintiffs were employed as Loan Resolution Consultants or Asset Managers by Ocwen for varying periods of time. The extent of Plaintiffs' entitlement to overtime was much disputed by both sides, with Ocwen characterizing Plaintiffs as "exempt" bona fide administrative employees. Ocwen filed a motion for summary judgment, arguing that a Department of Labor letter from 2001 precluded a finding it had violated the FLSA or had liability for a wilful violation of the Act. Doc. No. 238. The Motion was denied on this Court's Report and Recommendation. Doc. Nos. 264, 267. The amounts Plaintiffs initially sought in their Answers to Court Interrogatories for alleged overtime worked – prior to the time Ocwen's Verified Summaries were provided – are listed in the chart below; the offer of judgment amounts, salaries, and dates of Plaintiffs' employment (as of the time the Answers were filed). The ratio of entry of judgment amounts to the hotly-disputed principal amounts Plaintiff sought varied widely between Plaintiffs; it is notable that those with longer employment periods tended to seek the greatest amounts in their Answers to Court Interrogatories.

| Name | Annual Salary[1] | Dates of Employmt. | Answer to Court Interrog.[2] | Offer of Jmt. Amount |
|---|---|---|---|---|
| Myriam Aviles | $ 28,600 | 10/05-8/06 | $ 2,522.50 | $ 561.90 |
| Keona Barnes | 40,000 | 11/01-pr. | 20,850.00 | 5,603.65 |
| Kristi Belford | 40,000 | 8/04-pr. | 63,173.08 | 11,226.46 |
| Shelton Bridgen | 25,000 | 2/04-5/05 | 43,828.25 | 4,380.00 |
| Daniel C. Carroll | 40,000 | 12/05-pr. | 24,321.62 | 4,285.14 |
| Patrick Clarke | 40,000 | 2/04-pr. | 25,874.84 | 8,580.80 |
| Steve Clarke | 23,566 | 1/01-12/05 | 16,000.00 | 2,101.42 |
| Craig Clossen | 24,000 | 9/03-10/04 | 19,938.00 | 500.00 |
| Brad Coffey | 40,000 | 1/05-pr. | 18,006.84 | 8,861.60 |
| Gina Colaire | 40,000 | 8/01-6/06 | 31,600.80 | 4,720.60 |
| Gulin Cosgrove | 45,000 | 6/04-6/07 | DNI[3] | 11,953.12 |
| Dominique Davis | 40,000 | 12/05-6/06 | 12,899.99 | 3,719.99 |
| Adrienne German | 23,400 | 9/00-12/05 | 54,065.03 | 2,006.42 |
| Jasmine Gomez | 20,384 | 10/00-12/05 | 13,292.40 | 1,826.90 |
| Scott Haaland | 40,000 | 3/02-pr. | 34,312.98 | 8,110.66 |
| Anita Harris | 40,000 | 3/06-pr. | 17,220.46 | 7,755.89 |
| Tammy Horne | 31,200 | 12/05-1/06 | 3,206.25 | 200.00 |
| Noelle Jabbour | 25,000 | 12/04-12/06 | 25,170.08 | 2,153.35 |
| Bhairo Jaikssoon | 40,000 | 1/06-7/06 | 5,394.20 | 968.89 |
| Aaron Johns | 40,000 | 1/06-7/06 | 5,394.20 | 2,948.52 |
| Lisa Jones | 40,000 | 1/06-11/06 | 5,077.60 | 5,471.28 |
| Christopher Lawrence | 24,000 | 11/03-11/05 | 44,683.65 | 3,085.95 |

---

[1]Exclusive of bonuses. Hourly or bi-weekly amounts were converted to annual salaries based on 40 hours per week for 52 weeks.

[2]The amount in this column is stated as unpaid overtime hours only; however, where it was not broken down, the amount was reduced by one half to exclude liquidated damages. Since some Plaintiffs did not include liquidated damages, those were not included in this column.

[3]Several Plaintiffs did not indicate the total amount of damages claimed in response to the Court's Interrogatories.

| | | | | |
|---|---:|---:|---:|---:|
| Yanique Lawrence | 22,000 | 8/02-1/04 | 31,125.16 | 1,100.39 |
| Frank Lopresti | 40,000 | 12/05-pr. | 16,923.06 | 9,648.88 |
| Tamara McKenzie | 40,000 | 3/05-pr. | 23,887.50 | 8,232.10 |
| Nancy Medina-Soriano | 40,000 | 4/01-pr. | 31,949.98 | 8,951.27 |
| Bernard Melton, Jr. | 40,000 | 12/05-2/07 | 16,980.38 | 8,412.60 |
| Neomi Mercado | 40,000 | 5/04-pr. | 49,842.00 | 6,127.84 |
| Rayetta Miles | 40,000 | 1/06-pr. | 24,191.12 | 6,590.31 |
| Nanci Miranda | 26,520 | 10/04-4/05 | 9,022.46 | 1,003.72 |
| Ruth Ortiz | 35,000 | 8/04-5/06 | 631.25 | 461.54 |
| Jessica Porter | 28,000 | 1/00-10/05 | 500/month | 595.46 |
| Matthew Rae | 40,000 | 7/06-1/07 | 20,769.23 | 4,070.65 |
| Jennifer Robinson | 40,000 | 7/01-pr. | 32,250.00 | 6,641.57 |
| Michael Rohrbacher | 24,440 | 6/02-6/05 | 38,097.00 | 120.00 |
| Terrill Salem | 25,000 | 12/04-1/06 | 30,179.43 | 2,440.68 |
| Yollinnette Sanchez | 40,000 | 5/01-pr. | 2,306.36 | 6,393.82 |
| Sydney Sanders | 40,000 | 5/04-7/06 | 19,231.72 | 1,219.07 |
| Luis Santos | 28,000 | 8/98-9/05 | 32,538.42 | 1,513.34 |
| Anthony Selgado | 27,000 | 8/05-10/05 | 1,139.04 | 517.39 |
| Maheshewar Sewpersaud | 40,000 | 10/04-pr. | 52,957.50 | 6,643.02 |
| Jodi Shimmel | 26,000 | 11/01-4/05 | 7,286.25 | 400.00 |
| Susan Thomas | 40,000 | 12/05-9/06 | 5,015.88 | 2,640.43 |
| Rick Turner | 40,000 | 12/99-pr. | 41,988.96 | 5,083.25 |
| Jeanine Vasquez | 40,000 | 7/06-pr. | DNI | 4,839.99 |
| Leticia Viveros | 40,000 | 1/06-pr. | DNI | 6,000.00 |
| Angela West | 40,000 | 5/06-pr. | 8,369.40 | 4,462.15 |
| Toni Wiggins | 25,000 | 12/04-11/05 | 9,188.40 | 1,187.29 |
| Janice Williams | 40,000 | 3/06-pr. | DNI | 5,411.70 |
| Malica Williams | 25,000 | 7/04-12/05 | 24,778.35 | 1,425.17 |
| Total Offers of Judgment | | | | $213,155.78 |

Plaintiffs' attorney has filed a Motion and Declaration for attorney's fees and costs seeking $89,707.50 and costs of $2,990.75. Doc. No.275.  Defendant has not yet had a chance to respond, thus, the parties had not resolved the attorney's fees portion of the case as of the hearing.

Plaintiffs' acceptances of the offers of judgment in the amounts listed above for unpaid wages and liquidated damages are fair and reasonable.  It is **RECOMMENDED** that the offers of judgment be accepted by the District Court as "fair and reasonable resolutions of bona fide disputes" over FLSA issues.  It is further **RECOMMENDED** that the case be closed, subject to reopening as to the issue of fees only for a period of 20 days in the event the parties cannot agree.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 15, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy